1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    NORTHERN DISTRICT OF CALIFORNIA
7
8
9    MARGARITA CRUZ, et al.,

10                   Plaintiffs,                    No. C 13-3150 PJH

11        v.                                        **ORDER GRANTING MOTION TO
                                                    STAY AND VACATING HEARING**
12   MCKESSON CORPORATION, et al.,

13                   Defendants.
     _____/
14

15        Before the court is defendant's motion to stay the above-entitled action pending the

16   determination by the Judicial Panel on Multidistrict Litigation ("JPML") regarding the transfer

17   of this case to MDL 1871 in the Eastern District of Pennsylvania ("the Avandia® MDL").

18   Having read the parties' papers and carefully considered their arguments and the relevant

19   legal authority, the court hereby GRANTS the motion to stay.  The court VACATES the

20   hearing scheduled for August 28, 2013.  In light of this ruling, the court also VACATES the

21   hearing on plaintiffs' motion to remand, scheduled for September 11, 2013, which the court

22   shall reschedule if necessary.

23        Plaintiffs filed this action in the Superior Court of California, County of San Francisco

24   on June 26, 2013.  On July 9, 2013, defendant GlaxoSmithKline LLC ("GSK") removed the

25   case to this court under the Class Action Fairness Act.  GSK also claims that defendant

26   McKesson Corporation was fraudulently joined, giving the court diversity jurisdiction over

27   the action.  Plaintiffs disagree, and filed a motion to remand on August 1, 2013.

28        On July 14, 2013, GSK notified the JPML of a number of tag-along actions, including

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  this matter, awaiting transfer to the Avandia® MDL.  On July 18, 2013, the JPML issued

2  Conditional Transfer Order 174, conditionally transferring the tag-along actions, including

3  this matter.  On July 19, 2013, GSK filed the present motion to stay pending transfer.  On

4  July 24, 2013, plaintiff filed a notice of opposition to CTO 174.

5       The JPML has the authority to transfer "civil actions involving one or more common

6  questions of fact [which] are pending in different districts . . . to any district for coordinated

7  or consolidated pretrial proceedings."  28 U.S.C. § 1407(a).  When evaluating a motion to

8  stay, a primary factor the court should consider is the preservation of judicial resources.

9  Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360-61 (C.D. Cal. 1997).  Staying an action

10  pending transfer can help prevent duplicative litigation and inconsistent rulings.  Id.

11       Other courts, including the Northern District of California, have granted motions to

12  stay in order to preserve judicial resources, even where motions to remand are also

13  pending.  See Flores v. McKesson Corp., No. 13-3153 (N.D. Cal. Aug. 2, 2013); Allen v.

14  McKesson Corp., No. 13-3110 (N.D. Cal. July 30, 2013); Hargrove v. McKesson Corp., No.

15  13-3114 (N.D. Cal. July 30, 2013); Poff v. McKesson Corp., No. 13-3115 (N.D. Cal. July 30,

16  2013); Summa v. McKesson Corp., No. 13-3097 (N.D. Cal. July 30, 2013); Aud v.

17  McKesson Corp., No. 13-3111 (N.D. Cal. July 29, 2013); Adams v. McKesson Corp., No.

18  13-3102 (N.D. Cal. July 25, 2013); Alvarez v. McKesson Corp., No. 13-3112 (N.D. Cal. July

19  24, 2013); Dadus v. McKesson Corp., No. 13-3069 (N.D. Cal. July 24, 2013); Allender v.

20  McKesson Corp., No. 13-3068 (N.D. Cal. July 22, 2013); Ortiz v. McKesson Corp., No. 13-

21  3159 (N.D. Cal. July 17, 2013); Albayrak v. McKesson Corp., No. 13-3095 (N.D. Cal. July

22  15, 2013); Esche v. McKesson Corp., No. 13-3062 (N.D. Cal. July 15, 2013).

23       There is nothing that precludes the MDL court from considering the jurisdictional

24  issues after the transfer.  Here, staying the case and the eventual transfer of the case

25  would promote judicial economy because the cases raising common issues regarding

26  Avandia® would be consolidated for discovery and pretrial proceedings.

27       The question of whether McKesson is a proper defendant in the Avandia® cases

28  should be decided by one court, to avoid any risk of inconsistency in judicial rulings.  All of

1   the above-cited McKesson cases involve the same jurisdictional issues, and all have been

2   stayed pending transfer to the MDL.  Thus, the question of whether McKesson is a proper

3   defendant in the Avandia® cases is already before the MDL, so the court finds that judicial

4   economy would be better served by staying this case pending the transfer, rather than by

5   considering the motion to remand.

6          Accordingly, for the foregoing reasons, the court finds that defendants' motion to

7   stay must be GRANTED.  The August 28, 2013 and September 11, 2013 hearing dates are

8   VACATED.

9          **IT IS SO ORDERED.**

10

11  Dated: August 13, 2013                                          _____

12                                                                  PHYLLIS J. HAMILTON
                                                                    United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28